AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

*FILED AUG - 2 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

United States of America

v.

JACOB R. LOYD,

*Defendant*

Case No. 19-MJ- 4110

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of June 16, 2019, in the County of Monroe, in the Western District of New York, the defendant violated Title 18, United States Code, Section 2119 (carjacking); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a crime of violence), Title 21, United States Code, Section 841(a) (possess of a controlled substance with intent to distribute), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking offense), and said offenses described as follows:

On or about June 16, 2019, the defendant, JACOB R. LOYD with intent to cause death or serious bodily harm did take a motor vehicle that had been transported, shipped, or received in interstate or foreign commerce from a person by force and violence or by intimidation, in violation of Title 18, United States Code, Section 2119 (Carjacking); AND did knowingly and unlawfully possess a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence); AND did knowingly and unlawfully possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a) (Possession with Intent to Distribute a Controlled Substance); AND did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense).

This Criminal Complaint is based on these facts:
☒ Continued on the attached sheet.

*Complainant's signature*

Investigator Ryan J. Szwejbka, Bureau of Alcohol, Tobacco, Firearms, and Explosives

*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 2, 2019

City and State: Rochester, New York

*Judge's signature*

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                               19-MJ- 4110

v.

JACOB R. LOYD,

       Defendant.
_____

State of New York  )
County of Monroe  ) ss
City of Rochester   )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan J. Szwejbka, affirm to the following facts:

    1.    I am a Senior Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter referred to as ATF) and am assigned to the Rochester, New York Field Office. Accordingly, I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

    2.    Your affiant is a graduate of the Criminal Investigator School and the ATF National Academy, both located at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant has been employed as an ATF Special Agent for over 18 years. As part of my professional experience, I have participated in State and Federal investigations involving the illegal possession of firearms and narcotics. Previously, I was employed by the State of South Carolina as a Probation and Parole Agent for one and one half years. I earned a Bachelor's of Science Degree from the University of South Carolina (USC) in Criminal

1

Justice in 1996. I received my Master's Degree from USC in Criminal Justice in 1999. I have participated in the service of State and Federal search and seizure warrants and have seized or assisted in seizing contraband, including firearms, ammunition, documentary evidence and contraband.

## PURPOSE OF AFFIDAVIT

3. This affidavit is submitted in support of a criminal complaint against Jacob R. LOYD, (hereinafter referred to as LOYD), for violations of Title 18, United States Code, Section 2119 (carjacking); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a crime of violence); Title 21, United States Code, Section 841(a) (possession of a controlled substance with intent to distribute); and Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking offense).

4. The assertions made herein are based solely upon the personal knowledge of your affiant, or upon information I have received from this investigation, including various police reports produced in relation to the arrest of the defendant, discussions with other law enforcement agents and officers, all of which are true and correct to the best of my knowledge and belief. Further, your affiant has had discussions with law enforcement officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offenses.

## PROBABLE CAUSE

5.      On June 16, 2019, Rochester Police Department (RPD) Officers were dispatched to 1200 North Street for a report of a gunpoint robbery. When the officers arrived, two victims advised that they were sitting in a 2004 Volkswagen Beetle (NY registration number HWR3607) in front of 115 Gothic Street when they were approached by three black males, one of whom had a firearm. VICTIM 1 stated that one of the males, who was described as approximately six feet tall with dread lock style hair, approached the driver's side where VICTIM 1 was sitting. The male with the dread lock style hair then brandished a firearm, pointed it at VICTIM 1's head, and said "don't do anything stupid, don't look up or I'll blow your head off." VICTIM 1 described the gun as a rusty revolver. The male with the dread lock style hair then told VICTIM 1 to "get out of the car" as the male opened the door. VICTIM 1 tried to grab his cell phone, a Samsung Galaxy J7 in a red case, but the male told VICTIM 1 to leave it there. VICTIM 1 further stated that the male hit him in the head with the barrel of the rusty gun while he was in the vehicle and again while VICTIM 1 was getting out of the vehicle. VICTIM 1 stated that he and VICTIM 2 walked in the opposite direction while the three suspects drove away in the victim's Volkswagen Beetle. The victims called the police and met officers where the incident happened a short time later.

6.      Approximately two hours after the robbery, at approximately 8:25 p.m. on June 16, 2019, RPD Officer Michael Mortillaro was patrolling the area when he heard a broadcast over the radio, that the vehicle involved in the robbery and carjacking was possibly in the area of 146 Alphonse Street, Rochester, New York. Officer Mortillaro was flagged down by an

individual who was identified as the owner of the aforementioned Volkswagon. The individual directed officers to the alley behind 146 Alphonse Street. Officer Mortillaro then located the vehicle behind 146 Alphonse Street. The car was missing its red hubcaps and the stereo.

7. At approximately 9:30 p.m. on June 16, 2019, RPD Officer Jeremy Lindauer was on patrol in his marked vehicle and observed a group of males standing on a corner near 1454 North Street, Rochester, New York. Officer Lindauer observed a black male with dread lock style hair (later identified as LOYD) urinating on the side of 1454 North Street. When LOYD observed police vehicles in the area, LOYD lifted his pants and began to walk towards North Street. Officer Lindauer exited his vehicle to address LOYD and arrest him for exposure of a person in violation of New York State Penal Code Section 245.01. When Officer Lindauer and Officer Brady attempted to secure LOYD in handcuffs, LOYD tensed up and appeared to become nervous. During a search of LOYD, Officer Brady recovered a rusty Harrington & Richardson .32 caliber revolver that contained four (4) rounds of ammunition. The serial number of the aforementioned firearm was not recovered due to the condition of the firearm. RPD Officer Ricotta searched a satchel bag that was strapped around LOYD'S upper torso area. Inside the satchel, officers recovered VICTIM 1's cellphone, the Samsung Galaxy J7 in a red case, and the car keys to the aforementioned Volkswagen that had been stolen from VICTIM 1 and was found parked behind 146 Alphonse Street.

8. LOYD was transported to the Public Safety Building and was placed in an interview room. While in the interview room, LOYD was observed on a video monitor doing something with his hands. Officer Brady entered the room, and LOYD was found texting

from a cell phone secreted on his person. RPD Investigator Steven Savitcheff asked LOYD if he had anything else on his person while Officer Brady searched him again, and LOYD stated "No." LOYD was asked to lift up his shirt. Ten (10) individually packaged baggies of crack cocaine and five (5) individually packaged baggies containing powder cocaine packaged for street level sales were found in LOYD'S waistband area. Also found on LOYD was a baggie of suspected marijuana. RPD Officer Laureano conducted a narcotics field test on the suspected cocaine using a standard Scott Reagent test kit, which returned a positive test result for the presence of cocaine.

9. Investigator Savitcheff advised LOYD of his Miranda Rights. LOYD stated he understood his rights and agreed to speak with investigators. When Investigator Savitcheff asked LOYD if he knew why he was at RPD, LOYD stated in sum and substance, "because he had a loaded gun on him." When asked about the cocaine, LOYD stated the in sum and substance that "the cocaine was his, but he does not sell by his house." When asked about the carjacking, LOYD stated he did not do it and said it must have been someone named "Ricky." LOYD provided no further information to Investigator Savitcheff.

10. LOYD was transported to the Monroe County Jail (MCJ) in the early morning hours of June 17, 2019 for booking. During LOYD'S intake process, MCJ Deputies found an additional 18 small baggies of suspected cocaine on LOYD. These suspected narcotics were placed into RPD evidence.

11. On June 20, 2019, VICTIM 2 met with investigators and was shown a photo array containing six (6) individuals. A photograph of LOYD was positioned in photo number four. VICTIM 2 looked at the photo array to see if he recognized any individuals. VICTIM

2 identified LOYD in photograph number four as the individual who was involved in the carjacking. Specifically, VICTIM 2 recognized LOYD as the male with dread locks who had the firearm during the robbery.

## INTERSTATE NEXUS OF VEHICLE

12.     Your Affiant researched the 2004 Volkswagen Beetle model to determine the place of manufacturer and the effect on interstate and/or foreign commerce. Your Affiant discovered that the aforementioned 2004 Volkswagen is referred to as the "New" Beetle, and production began in October 1997 thru July 2011, with Model years beginning 1998 thru 2011. Assembly began in Germany from 1997-1999, beginning in 1999 until 2011, assembly of the Volkswagen Beetle was in Mexico. Based on your Affiant's research, the aforementioned Volkswagen Beetle was manufactured in the country of Mexico, and would have affected Interstate and Foreign Commerce if possessed in the State of New York.

13.     Based on your affiant's training, education, and experience, the previously detailed items seized are indicative of involvement in the distribution of controlled substances. Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotics sales.

## CONCLUSION

14.     Based on the above information, your affiant submits there is probable cause to believe that on June 16, 2019, in the City of Rochester, County of Monroe, Western Judicial District of New York, Jacob LOYD was in violation of Title 18, United States Code, Section

2119 (carjacking); Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a crime of violence); Title 21, United States Code, Section 841(a) (possession of a controlled substance with intent to distribute); and Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking offense).

_____
Special Agent Ryan J. Szwejbka
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Sworn to and subscribed to before me
this **2nd** day of August, 2019.

_____
THE HONORABLE MARIAN W. PAYSON
United States Magistrate Judge